UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS PENSION FUND,<br><br>  Plaintiff,<br><br>  v.<br><br>ATLASSIAN CORPORATION, et al.,<br><br>  Defendants. | Case No. 3:23-cv-00519-WHO<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. No. 22 |

Plaintiffs City of Hollywood Firefighters Pension Fund ("Hollywood Fire") and Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") filed an unopposed[1] Motion to Appoint Lead Plaintiff and Lead Counsel in this purported securities class action. ("Mot.") [Dkt. No. 22]. The motion also seeks appointment of the firm Saxena White as lead counsel. *Id.* Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for May 25, 2023.

Plaintiffs have satisfied the PSLRA notice requirement. [Dkt. No. 23-4]. Under the PSLRA, there is rebuttable presumption that Plaintiffs are the "most adequate" given that they filed the Complaint, made a motion for appointment, and appear to satisfy Fed. R. Civ. Proc. 23 requirements.[2]

---

[1] Though another group of plaintiffs initially filed a motion to appoint lead plaintiff and lead counsel, Dkt. No. 17, it was withdrawn, Dkt. No. 35, after Hollywood Fire and Oklahoma Firefighters file an opposition showing their much larger financial interest.

[2] 15 U.S.C. § 15 U.S.C. § 78u-4(a)(3)(B)(iii) provides:
   (I) In general

1    I have also reviewed the declarations and pleadings, which allege that the plaintiffs
purchased or acquired 8,550 net shares, expended over $2.2 million in net funds, and lost over $1 million in connection with their shares and transactions. *See* Mot. 7:12-17; [Dkt No. 23-2] (Loss Charts). Given the only opposing group of plaintiffs withdrew their motion for appointment after Hollywood Fire and Oklahoma Firefighters showed their combined financial interest was significantly larger, *see* Dkt. Nos. 29, 35, 26, I also determine these plaintiffs have the largest financial interest in the matter. *See also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (holding that district courts may not "engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class").

Accordingly, the presumption that these plaintiffs are the most adequate has been met and has not been rebutted. The requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii) are met. The motion to appoint Hollywood Fire and Oklahoma Firefighters as lead plaintiffs is GRANTED.

The plaintiffs' choice of Saxena White as lead counsel is also reasonable and the motion to appoint the firm is also GRANTED. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."); *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (finding that so long as the lead plaintiff makes a "reasonable choice of counsel, the district court should generally defer to

---

Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
(II) Rebuttal evidence
The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
(aa) will not fairly and adequately protect the interests of the class; or
(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

that choice").

**IT IS SO ORDERED.**

Dated: May 15, 2023



William H. Orrick
United States District Judge